IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LETICIA SERRANO CORTES, et al.,

    **Plaintiff(s)**

        v.

UNITED STATES, et al.,

    **Defendant(s)**

**Civil No.** 09-1017 (JAG)

## OPINION AND ORDER

Before the Court are Plaintiff Leticia Serrano's Objections to Magistrate Judge López's Report and Recommendation. (Docket No. 45). Plaintiff objects to the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants.

### FACTUAL BACKGROUND

Plaintiff Leticia Serrano (hereinafter "Serrano") brought suit against the United States (hereinafter "U.S.") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, for damages suffered as a patient of Atlantic Medical Center (hereinafter "AMC"). AMC hospital is covered by the FTCA under the Federally Supported Health Centers Assistance Act. 42 U.S.C. § 233 (g)-(n). Serrano claims damages as a result of the alleged failure of Dr. Torres Rivas, an employee of AMC, to correctly diagnose and treat Serrano's allergic reaction to clinoril.

On March 31, 2006 Serrano was admitted to the emergency room at AMC. She had been complaining of pain in her left leg. She was prescribed clinoril, an anti-inflammatory, and flexeril, a muscle relaxant, and sent home.

On April 11, 2006 Serrano again visited the emergency room at AMC, this time with skin lesions on her forearms and thighs. Prior to this second visit Serrano had stopped taking clinoril when she developed a skin condition. Serrano was treated by Defendant Dr. Torres Rivas, an employee of AMC (hereinafter "Dr. Torres"). Dr. Torres diagnosed Serrano's condition as tinea corporis (a kind of fungus infection), prescribed an antifungal medication and a corticosteroid, and sent Plaintiff home.

As best we can gather from the record, Plaintiff again visited an emergency room on April 17, 2006, this time at Doctor's Center Hospital (hereinafter "DCH"), after seeing no improvement of her skin condition and complaining of swelling in both of her eyes.  She was diagnosed with an allergic reaction and discharged, only to rush back into the emergency room at DCH later that day after experiencing a narrowing of the trachea and an inability to speak. She was then diagnosed with an allergic reaction to clinoril, and was admitted to the hospital. She was treated with steroids and antibiotics and sent home on April 21,

2006. Plaintiff alleges that she lost skin throughout most of her body.

The alleged error in diagnosis and treatment of Plaintiff's second emergency room visit of April 11, 2006, is what prompted this action.

Defendants filed for Summary Judgment. According to Defendants, the uncontested facts show that Dr. Torres's diagnosis of tinea corporis on April 11, 2006 was reasonable within the accepted medical standard. Accordingly, liability cannot attach for his error. Rolón Alvarado v. San Juan, 1 F.3d 74, 78 (1st Cir. 1993). Defendants rest this factual assertion on the deposition of Dr. Edwin Miranda Aponte, expert witness for the Plaintiff, in which Dr. Miranda Aponte states that the lesions on Plaintiff's forearms and thighs could have been compatible with tina corporis. (Defendant's Ex. 2, 35:21-24).

Upon referral from this Court of Defendants' Motion for Summary Judgment, Magistrate Judge Marcos López entered a Report and Recommendation and recommended that defendant's motion be granted. Magistrate Judge López found, in essence, that Plaintiff failed to adequately oppose Defendants' motion by not contesting Defendants' well supported factual assertions with proper record citations. In other words, Plaintiffs did not comply with Local Rule 56.

Plaintiff's objections are now before the Court.

**STANDARD OF REVIEW**

<u>Review of Magistrate Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 503, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States v. Mercado Pagan</u>, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g Servs.</u>, 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." <u>Alamo Rodriguez</u>, 286 F. Supp. 2d at 146 (citing <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district

court can assume that it has agreed to the magistrate judge's recommendation. Id.

Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)3; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010). The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)); Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986); see also <u>Carrol v. Xerox Corp.</u>, 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting <u>J. Geils Band Employee Benefit Plan v. Smith Barney Shearson</u>, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996))("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.")

> An issue is "genuine" if the evidence of record permits a rational factfinder to resolve it in favor of either party. See Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). A fact is "material" if its existence or nonexistence has the potential to change the outcome of the suit. See Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995).

<u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 4-5 (1st Cir. 2010).

The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also <u>López-Carrasquillo v. Rubianes</u>, 230 F.3d 409, 413 (1st Cir. 2000); <u>Amira-Jabbar v. Travel Servs., Inc.</u>, 726 F. Supp. 2d 77, 84 (D.P.R. 2010).

## DISCUSSION

Plaintiff objects to Magistrate Judge Lopez's Report and Recommendation arguing that an injustice could be created if the courts disregard evidence and factual assertions based on a "technicality", such as not citing the record properly according to the Local Rules.

Plaintiff's argument holds merit. What Plaintiff fails to realize, is that the potential injustice is entirely the work of her own counsel. Several injustices result from an attorney's failure to follow the Local Rules and support assertions by properly citing to the record. First and foremost, the attorney exposes his client to the risk of having arguments, evidence and factual assertions disregarded by the court. It is also unjust for opposing counsel who diligently works to compose well supported briefs, only to have no tactical advantage over a party whose attorney only proffers empty statements, support for which is to be found, perhaps, somewhere in the record. Last but certainly not least, it would be unjust to allow an indolent litigant to shift the burdens of litigation onto the courts. Cabán Hernández v. Philip Morris USA, Inc. 486 F.3d 1, 8 (1st Cir. 2007); Sánchez Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 213 (1st Cir. 2008). Courts are in the business of adjudicating. Litigating is the job of attorneys.

We thus agree with Magistrate Judge López's Report and Recommendation that Plaintiff's Serrano's briefs opposing summary judgment fail to comply with Local Rule 56; they are, to say the least, deficient.

However, the Court is convinced that summary judgment is uwarranted, due to Defendant's lack of a proffer that Dr. Torres Rivas adequately met the standard of care expected of a physician. Oliveros v. Abreu, 1 P.R. Offic. Trans. 293 (1973). Part of the standard of care expected of physicians is the doctor's duty to thoroughly investigate the symptoms of each patient in order to limit all possible diagnoses to the most accurate that may be reasonably possible. When a set of symptoms holds the possibility of various ailments, a differential diagnosis is normally in order. Arrieta v. De la Vega, 165 D.P.R. 538, 550 (2005). Though there is evidence that Plaintiff's symptoms were compatible with more than one diagnosis, (Docket No. 28, ¶¶ 15, 16, 17), the record is void of any assertion or documentary evidence that supports a finding that Dr. Torres's diagnosis of Plaintiff's condition was comprehensive.

We do not hold that Dr. Torres failed to meet the standard of care; we only hold that Defendants did not provide the Court with enough evidence to grant summary judgment on the matter.

This reasonable inference we draw in favor of the nonmoving party. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) Summary judgment is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 27th day of July, 2011.


S/Jay A. García-Gregory
JAY A. GARCIA-GREGORY
United States District Judge